and it is docket 23-2170. Ms. Donnelly, please proceed when you're ready. I should have mentioned we will take a break after the third argument and we now proceed with our second which is United States v. Wahhaj and it is docket 23-2170. Ms. Donnelly, please proceed when you're ready. May it please the Court, my name is Katerine Donnelly, Colorado County. The government wants to keep an aunt in prison for the rest of her life for consensually accompanying her brother who lawfully and voluntarily took his own son across state lines. The government's theory that this taking was unlawful because the child's mother did not consent is precisely the kind of overbroad interpretation of the federal kidnapping statute that the United States Supreme Court warned against in Chapman. The act of one parent taking a child from the physical custody of another parent absent a court order granting legal custody to that other parent is not unlawful within the meaning of the federal or state statutes. Which state? Any state. Well, the states are split on this, aren't they? No, they are not, Your Honor. I would submit to the Court that courts across the country have consistently held this from 1916 to 2015 from the D.C. Circuit to the 10th Circuit to Georgia to New Mexico. It is the uniform rule across American law and the government's theory in this case requires every single one of those courts to have been wrong. I'm sorry, to have what? The government's theory requires that every single one of those courts to have been wrong in ruling that taking of one parent without, in the absence of a court order, does not constitute kidnapping. And so, your argument is that we don't have an unlawful seizure here and therefore we can't have a kidnapping. Exactly, Your Honor. Whether it's the parent or anyone else. Correct. Even if the victim can't consent here by age of the child? Even if the victim can consent? Cannot. Cannot. No, Your Honor, you're absolutely right. So those are critical issues. The consent issue, who is and can consent, and that is talking about the authorization to actually to take, right? Because if you do not have a consent, then it is not a lawful taking. And the issue here is that it is undisputed. The government has acknowledged actually in the briefings that we do not have any dispute that a three-year-old could not have consented to the taking. So the only person that you're looking at is the parent. And the question becomes, when you have competing rights of parents who are fit, whose rights have not been in any shape or form restricted by any sort of law, what happens? And as you have submitted to the court, and I'm excited, and actually I have further citations if the court is willing to take them, and I apologize. I came across a New Mexico case and a 10th Circuit case. In a 10th Circuit case, that is Anderson v. Kramlitz, 789 F2 840. That is where the court actually was discussing this particular issue in the context of defamation. So somebody had made a statement that my spouse kidnapped my child. And the question became whether that was true, right? For the purpose of deciding whether that was defamation. And as we all know, the truth of the matter is the complete defense to defamation. The 10th Circuit Court got engaged in the determination as to whether under Colorado law there was kidnapping. And the court concluded that the state court and the state legislature, actually I apologize, has never criminalized the act of one parent in the absence of a court order taking the child. So every single case that has been cited to this court has involved, anytime that you're talking about unlawful taking, you're talking about existing court order that has been violated. And I can tell the court, I have spent hours on this. I have not come across a single case that you do not have an existing court order. And as the court is aware, that is for a reason. That we have a due process principle, the notification, the fact that a criminal statute has to provide notice to the public before we can hold them and find them liable. And in this case, it's undisputed that there was no court order here until the pickup order after they were already in New Mexico. Am I correct on that? Again, Your Honor, this case has thousands of pages. I have gone through them. I have, that is my understanding. I'll let Ms. Walters to correct me if I'm incorrect. There has never been any allegation. And I have done my best to provide you the details of the citation to the record where the mom acknowledges that we went there with the police. The police officer told me and the rest of us that there's nothing I can do because of the fact that there is no open custody case and there is no court order. That you are two parents. Both of you have equal rights and he can do as he wishes unless and until the court of law tells him that he can't. Wouldn't your theory, if carried out to its full extent, mean that if two parents share custody and there's no court order in place and one parent decides to pay someone to have the child kidnapped, that parent has consented. It's their, I think you're suggesting that's their right. And that person that they pay couldn't be convicted of the kidnapping, aren't you? How, that just can't be. So Your Honor, I, the plot is Ms. Walters. They're participating in this and, you know, whether they're, you know, being paid or they're assisting. And your suggestion is that makes no difference because there's consent. So Your Honor, I think the 10th Circuit case in Anderson is very much actually touching on that issue as to how easy it is to call something kidnapping, especially when you're dealing with parents, right? They go to court all the time. They accuse each other of different things and loosely use the term kidnapping. Just because somebody uses the term in its loose definition does not make it so. And that is the distinction between the unlawful taking and taking, the lawful taking. So in the case of parents who do not have a pending case, there is no such a thing as kidnapping. So would you answer my question then? Would that, if you could a parent hire someone to kidnap their child across state lines because you've consented, a parent with custody and no court order in place? Your Honor, again, well, let me answer your question very directly. No, you can't. That would be illegal. Why? Why? That would be illegal to kidnap because you are using the term kidnapping as a legal conclusion that there is kidnapping. So, example, if- Your argument is based on the premise that if both parents have equal rights to the child, if the child is taken with one parent's permission, there's no unlawful seizure. Exactly. So it's not a kidnapping. Exactly. So I don't understand how your argument logically makes the difference between whether my sister helps me for free or I pay somebody to help me. So let me put it this way, and I completely understand. I think this is the most difficult piece of this. If my husband is here in the courtroom, our son is at school, we don't have any pending cases. We are not in a custody dispute. If I hire someone to go and pick up my son from school with the intention to take my son to another state, go across the state lines, and that person knows that I am going to take my son across state lines and they come with me, there is no kidnapping because there is no court or they're preventing me or the person I'm hiring or the person I'm asking to do this for me as a favor to come with me and with my child. So that's- Go ahead, no. That's a different answer than what you just gave Judge Moritz. Because I was trying to make a point that it is not kidnapping, but Judge Moritz used the term kidnapping. So if it is kidnapping, if it is unlawful, the only time that this would be an issue is that the same thing, but we have a pending court case, we have a determination of custody that tells me today I do not have the right to have my child with me. So if today, while I don't have that right, and I know that for the next month I do not have the right, the court order says that during the next month my husband has all rights to have my child with him. If under these circumstances I do that, then that is unlawful and whoever who helps me could potentially be on the hook. The question will, of course, become whether that is under state law or federal law. And we have this other whole thing that the courts in Chatwin has reminded us, Your Honors, that the federal kidnapping statute was for a specific purpose. We did not want to involve our federal courts and federal resources with these very complicated issues related to relationships between parents. Okay. You can tell we are at a really important crossroads here and I want to pin down an answer because I am not sure what the answer has been. If a parent hires someone else who goes and grabs the child and then hands him to the parent, is the third party who had no authority to do that, other than from the parent, scot-free? It depends on whether the parent had the legal authority to consent and to do the taking. Okay, so you are saying the third party is scot-free. If the parent has the authority, there is no kidnapping. Assume that they have the authority. Assume the parent has the authority. Then there is no kidnapping. Because if the parent has the authority, whether they do it directly or with assistance paid or unpaid, your position is there is no unlawful seizure, which is what is required for kidnapping. Am I understanding your argument? Absolutely correct. You have said it beautifully. I have no further points to add and I would like to reserve the remainder of my time. Is that something that can really be delegated? Go grab the child? Why not? We do that all the time with our nannies. We live in America. Every single working mom has someone who is going to grab their kid to take them to different places. And that is why we don't want our federal courts to be involved in these matters, unless we have a state court that is looking into the facts. If I may. Indeed, you may. Thank you. So let's jump right in. First of all, introduce yourself. For the record, I'm Tiffany Walters for the United States and all four of these consolidate cases. I'm sorry. I'm happy to answer your question. So let's say Judge Phillips has a daughter and he thinks it's high time that she went and bagged her first elk. But his wife is opposed to hunting, does not want that to happen. And so Judge Phillips goes to her school and he grabs her with the help of his brother and they take her to Utah for three weeks for an extended hunting trip. Did they kidnap her? I think it would depend on whether that three weeks window met the definition of holding. And I think that is the temporal limit. Well, what about an unlawful seizure? Let's focus on that. Is it an unlawful seizure for Judge Phillips? I can't remember if I said brother or sister, to assist him in grabbing the daughter and taking her across state lines for a three week hunting trip with not only without the permission of, but against the intent and orders of the other spouse? I think it likely would be against the consent and that would meet the unlawfulness piece. But I think the holding piece would restrict that. How is that an unlawful seizure? I mean, I think Congress was very clear they didn't want the kidnapping statute to be used in every custody dispute in the United States. And unless and until you have an order in place, each parent has an equal right to that child. And so, you know, if I don't know how the sister could be involved in an unlawful taking when Phillips has just decided it's time for his daughter to go out there and bag an elk. Well, and I do think that that would, I think this turns on the question of federal law. But if we look at Georgia law, I think, assuming this happened in Georgia, that this could violate the Georgia statute because the Georgia statute, and I'd like to go to the language of that specifically, provides that lawful authority is inherent in both natural parents. And then it provides that a person commits its offense of interstate interference with custody when without lawful authority, that parent takes the child away from a person with lawful custody. Yeah, and we found a subsequent case that said that the lawful, without lawful authority means that there's a custody order in place that says you don't have lawful authority. I mean, why would we want life imprisonment for people who assist a parent who has custody, has a right equal to the other parent in a dispute in terms of where they take their children? Well, as to the lawful authority apiece, for Siraj to have lawful authority to do what he did, he would have needed a custody order granting him sole custody. No, he wouldn't. I mean, you can take your child across state lines. Is that a kidnapping? Not just taking him across state lines. But I don't want the kids to go to Disneyland because they don't have good grades. And, you know, the father says, well, I do want them to go to Disneyland and take them to California. Are they kidnapped? Well, I mean, you're taking them away from, you're not taking them away permanently from the person who has lawful custody. Here, he takes him without any court order across state lines, without the authority to do so, and holds him permanently. And then the fact that the Georgia court... What's the limiting principle? Is it across state lines? So Judge Phillips's sister would be liable because they went to Utah? I think holding is the limiting principle. And just before I move to that, I just want to say that the Georgia court, in fact, issued an arrest warrant, which makes me think, and I think is good evidence, that the Georgia courts thought what he did was unlawful. But then going to the limiting principle... But you conceded in the papers that there was no order in place until the pickup order in New Mexico. Correct. But I don't think that that is the marker of the time at which his actions became unlawful. The court or the arrest warrant talks about his abstanding with a child on December 1st. So, but as to the... Is there a citation? As you started to say, there's a Georgia statute. Are you relying on some feature of Georgia law to say, indeed, it was unlawful? And if so, what is it? Well, I think it is the statute which requires a... Which prohibits taking without lawful authority and then also the arrest warrant. OK, without lawful authority sounds a lot like you need to have a custody order in place. I think if we also look to New Mexico law, New Mexico law is even clearer that no custody order is required. And this court has addressed it in Rios v. Rydell. Already in New Mexico, though. That's true. But New Mexico would find custodial interference if the child was kept or detained in New Mexico as well. Well, we're kind of on the front end of the statute, the unlawfulness. We haven't even gotten to the case of a minor by a parent. And you need to get over that unlawful hurdle. And you might tell that there's some resistance to that on the basis of lack of a court order. And so if all is in your court, this is your chance. Tell us why it's unlawful. I would also like to say that the reading into the lawfulness, the requirement of a court order, really also means that anytime a parent consents to the kidnapping, it's lawful, which doesn't give a lot of work for the parental exception in the statute. I mean, it looks like from the fact that that parental exception... Because if the parent does have a lawful, is acting, they have a custody order that they're violating under the statute, they still can't be prosecuted for kidnapping. But the person who helps them can. Correct. So there's work to do, I suppose. But it seems duplicative in a way. How is it duplicative? Well, because it suggests that the parents, I mean, in the situation where the parent does have custody, that the parental exception wouldn't really have a role to play because it would be lawful. But I'd like to go back to the limiting principle question. I don't know if that follows. It could be unlawful and yet the parent is accepted from prosecution. That could be. Which is an affirmative defense. And that's your position, right? That is an affirmative defense for the parents, but not for those that assist the parents in the kidnapping. Which brings us back to unlawfulness. And if all you have is there was an arrest warrant that was issued later and nothing inside that, namely a statute or a Georgia Supreme Court case that says you don't have to have a lawful custody order and there can still be an unlawful taking. I'm all ears. That would be really important to have. Certainly. And I'd actually like to step back a step because I think the kidnapping statute doesn't require a predicate state law violation. No, but it requires an unlawful seizure. Right. And the unlawfulness is determined by the lack of consent of the parents. And the fact that one parent doesn't consent. So any time one parent takes the kid somewhere without the permission or against the wishes of the other parent, we have a federal kidnapping with life imprisonment. No, I think the holding has the work to do there. So if we look at what about, you know, you tell us that Georgia code 16, 554 C is what makes them lawful. But we've got Brazil versus state from interpreting that code, which states, however, a custodial parent cannot be in violation of the statute in the absence of a custody order, giving the parent the exact notice of the line, which may not be transgressed. Is that the Brazil case? Yes, I think that case was dealing with the interpretation of a custody order as to what was reasonable visitation. And we're talking about, in that case, a two day variance on one side of the other. And in those cases where you're on the margins of what is reasonable, I think that still stays within the context of the state law custody violation. Well, it says in the absence of a custody order, you don't have notice that you can't do it. I would beg to differ that Siraj had notice that he could not just unilaterally take his child from his mother, who also had custody and keep him forever without going to court. Well, what's the notice? The notice is the wrongfulness of the action that you cannot take a child from his parent without consent, without some sort of court involvement. And he knew that that was in other words, because you say or because it makes sense. But we're looking for some legal basis that we can pound a nail into and hold something. You started to say that if one parent doesn't consent, and I guess that that's the person who's primarily been in custody, even though not legally, and the other parent takes the child, that the law says that that's an unlawful act. Opposing counsel said in that situation, all of the cases say that it's not an unlawful act. Therefore, what are your cases that say that that's unlawful? And if you've got them, then you're in business. And if you don't have them, then you need to explain how you still are in business. Right. So I think as you're citing the Adams case in the Georgia court, that is an older case under a prior statute. There was a subsequent case, the Smith case, that actually upheld the kidnapping conviction against the father. So I don't think that there is an exception. Every one of those cases, and we pulled them all up and looked at them, there was a violation of custody. There was an order in place or parental rights had been terminated. Or in one case, the child, it was, I mean, a young mother who was snatched, was emancipated and no longer under any parental control. So I think if you look at every one of those cases, they are not this case. I would point the court to Boettcher. I think that's the closest case. And that sort of deals with the hired hand situation that the court was referring to with defense counsel. In that case, both mom and dad had custody orders in different states. Dad had kidnapped child from mother and mother hired people to help her kidnap the child back. And in that case, it doesn't directly address the issue, but it contemplates the possibility that the government was using the charging of the mother as leverage to get at these co-defendants. So it contemplates the possibility of prosecuting them. That case didn't deal, it was just whether the mother was immune from prosecution and they did not decide anything about the people who assisted her. And they made a statement that addressed a totally different point that never ruled on whether there would be liability for the hired kidnappers. Would you agree that's an accurate statement of the case? I don't think it helps you. I think it supports the general idea, but it doesn't hold on the issue. And I would also point out that the defendant hasn't identified any case that specifically says in this situation that the father could do this and gets off scot-free. Or not the father, I'm sorry. They have identified a whole series of cases that say unless and until there is an order in place, both parents have equal rights to the child. Now, it is very likely that what was done was wrong. It was immoral. It was dangerous. But I don't know that it's an unlawful seizure. I would again point the court to the Georgia arrest warrant, which suggests that the Georgia courts thought it was unlawful for him to abscond with a child. And I think in New Mexico, there's also not a requirement for a custody order. And I'd point the court back to the Rios v. Riddell case in that regard. Huzra also pointed to the fact that the officer was on the scene. But at that stage, we are just days into this and both parties are still in Georgia. So I don't think that first that the opinion of that individual officer would control in this situation, but also the fact that it may be that the father could take the child within the state and that they could work things out is one thing. But to take him across state lines and hold him indefinitely with the goal of depriving the mother completely of her parental rights is not lawful under either federal law or under state law. If we disagree with you, do we have to reverse the conviction? If you disagree that we think there was insufficient evidence of an unlawful seizure, unlawfulness is an element of the statute. So, yes. And that would be all of the co-defendants who were convicted of kidnapping. Yeah. So the kidnapping convictions, yes. And conspiracy. Yes. Well, can it be unlawful for one and not another? In what context? Any context that you want to sustain your conviction. But I guess what I'm thinking is just because you have three, four or five people involved, you say they're all in the same basket. That's going to be your rule. I don't know that I don't want to speak to a situation where you have a hired gun. I don't see a distinction there, but I don't want to say that on some other facts. But in this case, I don't know that Huzra, Sukana and Lucas are differently situated from each other as to the lawfulness issue. Well, I guess and it's counterfactual, but if the father here had said, head to New Mexico, I've got some business I need to attend in South Carolina, I'll be along shortly. That'd be a different situation, wouldn't it? Yeah, I think so. And again, I'd point the court back to the Murphy case, which requires a holding. And that requires more than an incidental holding. Murphy looks to chat one and says that you have to have a physical or mental restraint for an appreciable period of time. So these sort of temporary custodial disputes at the edges, I think, would not fall under that. It would have to require something more beyond the incremental requirements to violate the custody statute. And here we don't need to decide where that line, excuse me, where that line is, because it's so far beyond that. Like this is not a dispute as to the parameters of custody that could have been resolved if Suraj chose to take him to Georgia court and address it. But instead of doing that, he avoided the courts, escaped Georgia's jurisdiction and took him to New Mexico, where he hid and kept the child until the child died. And defendants are arguing that, oh, I'm sorry, I'm over time. Can I finish my thought? I have a question. What if the facts were reversed and the mom was concerned about the danger to the child based on these beliefs and she took the child without permission with the help of her family and hid the child in another state? Is her sister liable for federal kidnapping? I think in that case, we'd be in the realm of potentially necessity defense, and it would depend on the extent of that. I'm not asking about affirmative defenses. Is it kidnapping under the federal statute? I think that could be kidnapping, but it'd be subject to defense. Just briefly, unlawfulness also. She's talking about the sister, though, not the mother, right? No, not the mother. The sister wouldn't have the affirmative defense. She's saying direct. No, but necessity or something like that. And I would point the court to unlawfulness is also used in the context of the murder statute 11-11 and 11-12. And in those cases, it's not asking for a separate predicate crime. But if not necessity, then it would be kidnapping for the sister to help the mom move the kid out of state to protect him from what eventually happened to him here. I think that the necessity would prevent it from having liability. But yes, it would be unlawful. You could charge it. I'm saying you could charge it. I think that would be a question where likely prosecutorial discretion would come into play and that would not be charged. But there would be a defense in that case if there was a necessity to take the child. Thank you, counsel. Thank you. To keep the time even, you can have another couple of minutes, but I'll be guarding that. Thank you. I'm hoping I will not need that. And that will be the first for me, your honors. As I was reviewing the 260 page brief that was done by the government, it was surprising there was not a single mention of Brassel. But it is a very important point. It is telling because the government did not want to deal with the fact that the Supreme Court of Georgia has made it absolutely clear that unless and until there is a line that has been drawn and then transgressed, there is no kidnapping. And as to New Mexico, we submitted to the court the New Mexico cases that have applied the New Mexico statute. Interestingly enough, and I don't want to get into the weeds of this, but for those who practice in this area, UCCJEA specifically says that in these circumstances, the Georgia law would apply because the mother is there. And New Mexico court in case called State versus Left End, and that is 2015 NMCA 117 at paragraph 19, specifically repeats the holding of Brassel by the Georgia Supreme Court. They're all consistent. And in Left End, the court says the right to custody enjoyed by the person injured by the crime in this case must be established by proving the existence of a court order. And every single case from 1916, the D.C. Circuit saying that there is no such a thing as a kidnapping by a parent in absence of a court order to this 2015 case by the New Mexico courts. And actually in this case also, New Mexico acknowledges that the law and the venue is proper where the parent who is claiming that the child has been taken from them unlawfully. What case are you referring to? And I apologize, Your Honor, this was not cited. It is State versus Left End, LEFTHAND, 2015 NMCA 117 at paragraph 19. I'm sorry, I didn't get the site. 2015-NMCA-117 at paragraph 19. Thank you. Sure. And that addresses both the venue fact and the fact that this Georgia law would apply. And the fact that, again, in New Mexico, applying the very New Mexico statute that the government has cited, 30-4-4B, it says that in applying B, you have to look at A. A requires court order. There is not a single case anywhere in the country. And for a good reason, again, that criminal statutes, you cannot have criminalization of an act without notice. And in this case, when you have the jury instruction that goes to the jury, it is pretty much admission of the liability by the court's finding as to a pure question of law. It says if you find that the kid was taken against the consent of the mom, there is liability. It was there was no question for the jury. There's nothing for the jury to find. It was here. This is liability for kidnapping. And our submission to the court has been that if there is no kidnapping, then by definition, you can't have an unlawful conduct that lies within the substantive kidnapping and conspiracy to kidnap by the sister. So our submission to the court is that, you know, looking at the courts across the country that have consistently held, literally from 1916 to 2015, that the taking is not unlawful, that this is really uniform. What the government is asking you is to step out of your judicial role. Criminalization is legislative, not judicial function. And the government is telling you, and this overbroad theory is asking you to come and act as legislatures, whether state on behalf of state or federal government, and criminalize this action. Therefore, we are asking the court to please reverse and send it back with instructions to enter a judgment of acquittal. Very well, thank you, counsel, for your arguments today and the case submitted. Counselor excused.